Good morning, Your Honors. I want to just briefly summarize our argument. I don't want to hash over what's already in the briefs because I believe it's a very simple issue. The Respondent concedes that if the Covenant of Good Faith and Fair Dealing was applicable, then it would be a question of fact of whether or not it was properly complied with by the Defendant slash Respondent. So the real question is, does the Covenant of Good Faith and Fair Dealing apply? Well, it applies except that the contract expressly says which consent may be withheld by Equilon for any reason whatsoever. Any reason. That means good, bad, bad faith, who cares? Well, that's the dispute. The Respondent contends that any reason whatsoever inherently means absolute discretion to You know, I just, let me just cut through this. I read through the briefs of this case trying to figure out what was going on. And I finally realized that what is going on is that we're concerned with an indemnification for environmental liability. Correct. And what we have here is a gas, this property that was a gas station. Correct. I mean, it took me a long time to figure out. I had to go through the excerpts to figure out that this was a gas station. Correct. Doesn't this make absolute sense? Not really, Your Honors. Why? Because Why shouldn't there be discretion? And why wouldn't there be, doesn't it mean just what it says? Well, it does, it means that it can be, there is an assignment clause in the contract. The contract could have not had an assignment clause and said there shall be no assignment. But there is an assignment clause. And the reason why it needs to be there is because when a gas station owner wants to purchase a gas station from an oil company, he has to get a loan. Usually it's an SBA loan. And the lender wants to have, because the agreement is that the oil company must conduct environmental remediation and must indemnify the purchaser. The purchaser cannot get a loan in most cases if there's contamination unless the lender is also covered in the event of default on the loan. So that's why you have an indemnity provision there. And that's why you have also an assignment provision there. The question is, should the seller be able to deny that assignment provision based on absolute discretion? That's not the question. The question is, what does any reason whatsoever mean? Exactly. That's the question. What does any reason whatsoever mean? Well, there's an ambiguity right there because. Why is that ambiguous? It's ambiguous because it says any reason whatsoever. Exactly. It doesn't say shall absolutely have the discretion to deny assignment. It doesn't say we shall deny, we shall not assign the contract. It says any reason whatsoever. So the question is, what does that mean? It means any reason whatsoever. Exactly. But that implies that there will be a reason. And under the Cohen case. My reason is I don't like you. You're wearing purple clothes. That's not my reason. Your Honor, under the Cohen case. I don't have to give you a good reason or I don't have to have a burden of establishing that there's a valid reason. It's just any reason. In plain language, this is a door slammer. It's my game and not yours. Well, Your Honor, I respectfully disagree with that based on the Cohen v. Ratanoff case, which the district court distinguished on the argument that that was a lease situation. So the public policy involved was the restraint on alienation. However, the Cohen case expressly says that they are not deciding whether it's a restraint on alienation. In fact, the Cohen case says that whether the question is whether the underlying purpose of the assignment clause is perverted by the arbitrary unreasonable withholding of consent. In terms of policy, to have this kind of provision and uphold it makes absolute sense. You're not worried about making sure that it's assigned to somebody who's white or that it's not going to go to the wrong people. You're concerned that there's going to be an indemnification for the environmental cleanup. Why wouldn't we want to have absolute discretion and interpret that to mean any reason whatsoever? Because you have a gas station owner. I can get into the background of why, but I don't think it's really important in this context. But you have a gas station owner who has the right under federal law to purchase a gas station. And if the oil company has the discretion not to assign the environmental provisions, that gas station owner will not be able to purchase that gas station and will not be able to get a loan. Now you're saying we should invalidate this as a matter of public policy. No, Your Honors. That's not what I'm saying. What I'm saying is that the contract provides for a term. It provides for an assignment under certain circumstances in the oil company's discretion if it has a reason to do so. If I remember in the Cohen case, wasn't there a provision that said the consent shall not be unreasonably withheld? Correct. So that's much different than this. Well, and here it says for any reason whatsoever. Right. Both of them use the word reason, which implies that there should be a reason. And the covenant of good faith and fair dealing implies. Any reason whatsoever, a bad reason. So what is that? What do you say it means? They have to have a good reason? That the reason cannot be withheld for bad faith purpose. It has to be reasonable. It cannot be withheld for. Any reason whatsoever. No, for a bad faith purpose. That the covenant of good faith has to apply. Because what happened here, the day after this person wasn't able to purchase the station, Ekboron changed its policies and made that environmental provision applicable to the purchase money lenders. They changed their standardized contracts after this case. So what we're saying is that they denied us the opportunity to purchase the station and then turned around and gave everybody else that opportunity. And we're saying that that was in bad faith. And so the question is can, under the Cohen case, the question is can somebody withhold consent when there is an assignment provision? There is an assignment provision. The contract doesn't say there shall be no assignment. It says there shall be assignment if the oil company, unless the oil company withholds consent for any reason. So to say that an oil company may withhold consent in bad faith, which is basically what's happening here, because whether it was in good faith or not is a question of fact, is to say that that assignment clause has no purpose. Because if the assignment clause was not there and the oil company at some point was requested to assign it, the oil company could assign it even without any provision in the agreement regarding assignment. In Idaho, they call this a rule one, rule two case. A deal is a deal and you signed it. Well, the question is we signed it knowing that there is a provision that says that this shall be assignable in the event you request it. And the understanding was that it will be assigned, that the denial, the holding of the assignment, but that objection should be in good faith. That's what, that's the argument. Okay. Thank you. Good morning, may it please the Court. Nigel Jakes on behalf of Equilon. I'll be brief. I would respectfully submit that a provision in a contract that says consent can be withheld for any reason whatsoever means consent can be withheld for any reason whatsoever. If I have lost on that, then I'm not sure how I can. Was there a reason given? There were three reasons given, Your Honor, yes. And that's in the brief. The principal one was that this was a contract that it was an equitable environmental indemnity in favor of the purchaser. And I would suggest it's axiomatic that if one assigns and has to indemnify an additional party as well, that of itself adds to the potential cost of that indemnity. I can elaborate if the Court's interested, but I don't think it's relevant in light of case law. A couple of points I would like to make clear that were in response to Mr. Lebedev's submissions. First of all, he's incorrect and he's incorrect in his briefs as to the concession that Equilon has made. Equilon does concede, as the lower court rightly recognized, the covenant of good faith and fair dealing is implied into every contract. First-year law school, I would suggest. But we do not concede that it applies in the way that he loathes contempt. Mr. Lebedev seems to be arguing that some public policy, some right to buy, some right to assign. Your Honors, we're not talking here about an exercise of a federal right or a state right to purchase. This is a contract that was negotiated at arm's length as a settlement. The parties were at liberty to agree terms. They did. Equilon respectfully requests that those terms be upheld and recognized by this Court. The contract does not provide that the purchasers have to get a loan. They could have been a cash purchaser. In fact, that was the way the contract was set up. It does not have any financing contingencies. In the settlement agreement, we agreed, Equilon agreed, to indemnify these purchasers. Yes, there was a right to assign, but that right to assign was subject to our consent. We did not give it. Cohen and Ratanoff, and frankly, every case cited by both sides, if the Court has time to read any of them, every single one of them refutes Mr. Lebedev's proposition. Cohen and Ratanoff, the contract in that case, and I respectfully disagree with Justice Trott on this, if I may, the contract actually was silent as to the circumstances under which consent could be given or withheld. And the Court said, if the contract is silent, then the implied covenant of good faith and fair dealing applies to impose a reasonableness standard. And that's consistent with every case cited in the briefs. This is a key distinction here that the lower court recognized, and I would urge this Court to recognize as well. That's not the fact pattern here. We have a different contract. The contract says consent can be withheld for any reason whatsoever. I take it that we're dealing with California law here. Yes, Your Honor. Final point that Your Honor herself raised a moment ago. This is not a case where there's any kind of allegation of gender or race discrimination or violation of any protective class. Unless I can be of any assistance to the Court, I have nothing further. Just to clarify, we're not making the argument that there's some sort of public policy issue here. It's an issue of contract interpretation. And the contract, as counsel pointed out, does provide for an assignment. So the question is, can that assignment be withheld for a bad faith reason? Counsel suggests that this assignment would bring into the picture yet another party, and possibly additional expense to be incurred. That's not correct, Your Honor, because what was requested is that that same indemnity provision be assigned to the bank in the exact same form that it was applied to the purchaser in the event the purchaser defaulted on the loan. In other words, if the purchaser defaulted on the loan, there was a foreclosure, the bank would step into the shoes of the buyer. So it's not that there would be more than one party. It would basically be a different party. But the obligations under that assignment would be exactly the same. There would be no modification. I don't understand what you mean by bad faith reason. The Covenant on Good Faith and Fair Dealing says that parties shall act in good faith to fulfill the terms of the contract in order to have the end result of the contract fulfilled. What might be a good reason, then, for denying this assignment? They don't want this purchaser to purchase this station. I mean, what would be a good faith reason or a bad faith reason? What kind of a reason would suffice, in your view? What kind of a reason would suffice? To deny it. Well, if, for instance, there was an expansion of the liability, which in this case there wouldn't be. It would be the same exact situation. But what we're contending is that the only reason that Equilon did not agree to the assignment is because they didn't want this purchaser to actually succeed in purchasing the property because they would then turn to be a competitor of Equilon as a gas station owner. And that immediately after this, they changed their standardized contract. Well, I could have said that they didn't want to get stuck dealing with the indemnity of a financing company. But they wouldn't. The only time it would come up. Why wouldn't they? Because they wouldn't be stuck dealing with anything. They would be obligated to do the same type of environmental cleanup as they would be with the original purchaser. There would be no change in that. So why did they want the assignment? Why did the finance company want the assignment? Because if the finance company comes onto the property, they want to have the same – they want to be indemnified from environmental contamination. If they have to foreclose on the loan and they stand in the shoes of their debtor, doesn't that also bring with it the indemnity agreement? Not if the indemnity agreement is not assigned or if the contract is not assignable according to the contract. Well, but you can assign a lease. There's no – it's not a lease.  Okay. You can assign that. Not if ECLAWN doesn't consent. So it's not assignable if ECLAWN doesn't consent. That's what it says. Right. And we're saying ECLAWN cannot withhold consent in that case. ECLAWN must act in good faith in denying the assignment. That's what we're saying. Okay. Thank you. Thank you.  Thank you.
judges: Schroeder, Pregerson, Trott